UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN KUNTZ<br>405 Broadway St., Apt. 809<br>Cincinnati, OH 45202 | : <br> : <br> : <br> : | Case No. 2:22-cv-1811 |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| THE OHIO STATE UNIVERSITY<br>281 W. Lane Ave.<br>Columbus, OH 43210 | : <br> : <br> : <br> : | **COMPLAINT WITH JURY DEMAND** |
| Defendant. | : <br> : | |

Plaintiff Stephen Kuntz, complaining of Defendant The Ohio State University, states as follows:

## PARTIES

1. Plaintiff Stephen Kuntz ("Plaintiff") is a resident and citizen of the State of Ohio and the United States.

2. Defendant The Ohio State University ("OSU" or "Defendant") is an Ohio public higher education institution located in Ohio with its principal place of activity in Ohio.

3. Defendant is an employer under federal law and is liable for the claims brought in this complaint.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. Plaintiff's Counts arise under Title VII of the Civil Rights Act of 1964, et. seq. ("Title VII").

1

5. Venue is proper in the Southern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to these claims occurred in this division and district.

6. Plaintiff timely filed a Charge of Discrimination alleging sex discrimination, sexual harassment, and retaliation with the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff was issued a Notice of Right to Sue from the EEOC, and this Complaint is filed within 90 days of the Notice.

## FACTUAL ALLEGATIONS

8. Plaintiff is a gay man.

9. Defendant is a public university with multiple sites in Ohio.

10. Plaintiff began his employment with Defendant on May 21, 2018 as a Buckeye Link Counselor in the Student Services Department. This position is paid hourly and considered entry-level.

11. Plaintiff was a loyal and dedicated employee of Defendant and was fully qualified for his position at all times.

12. In March 2019, Plaintiff revealed his sexual orientation to coworkers, including to Student Services Associate Director Sam Falcone, who is openly gay.

13. After Plaintiff revealed his sexual orientation, Mr. Falcone made many suggestive and sexual remarks verbally and in texts to Plaintiff throughout the remainder of Plaintiff's employment.

14. Mr. Falcone repeatedly alluded to Plaintiff that he had a sexual dream about Plaintiff and said it would be "fun" to see Plaintiff in the morning.

15. Mr. Falcone called Plaintiff a "stud," and a "distraction," commented on Plaintiff's legs, and told Plaintiff he was "too pretty."

16. Mr. Falcone openly stared at Plaintiff's private areas and made a vulgar remark about them.

17. Mr. Falcone accused Plaintiff of "playing tongue hockey" after Plaintiff got sick.

18. Mr. Falcone frequently touched Plaintiff without his consent, including a shoulder rub in view of Plaintiff's immediate supervisor Cassie Riley, about which she remarked to Plaintiff.

19. Mr. Falcone also repeatedly went out of his way to stand next to Plaintiff while touching him.

20. Mr. Falcone did not engage in any such comments or behavior with heterosexual men or with women.

21. Plaintiff did not welcome Mr. Falcone's advances or give him any indication that he welcomed or invited the comments or behavior.

22. Plaintiff politely communicated to Mr. Falcone that he was not interested in him romantically or sexually, and Plaintiff did not accept any of his advances.

23. Mr. Falcone created and fostered a generally hostile work environment for Plaintiff and his co-workers by terminating, promoting, or demoting employees at whim and retaliated against employees who displeased him.

24. As a result, Plaintiff was afraid to report Mr. Falcone's harassment or cut off all personal communication with him due to concerns that Mr. Falcone would terminate him or prevent his advancement, as Mr. Falcone had done with others.

25. Plaintiff did tell Ms. Riley that his work environment was hostile, but no investigation into Plaintiff's work environment took place.

26. Other employees in Student Services told management that Mr. Falcone behaved inappropriately.

27.     Plaintiff was forced to quit his job on January 3, 2020 due to Mr. Falcone's harassment and OSU's failure to remedy the known hostile work environment created by Mr. Falcone.

28.     During Plaintiff's exit interview, he informed Human Resources that Mr. Falcone had sexually harassed him.

29.     Defendant did not offer to remedy the situation so that Plaintiff could remain employed. Instead, Defendant endorsed Plaintiff's resignation and left Mr. Falcone in his job for eight months while it "investigated."

30.     After the conclusion of the investigation, Defendant acknowledged that, as an Associate Director, Mr. Falcone "may have" engaged in unwelcome sexual conduct towards Plaintiff, an entry-level employee, but declared, "no action was taken or needed."

## COUNT I

### (Sexual Harassment & Discrimination -Title VII)

31.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

32.     Defendant engaged in conduct that violates Title VII prohibiting sexual harassment and sex discrimination, including but not limited to management sexually harassing Plaintiff, management creating a hostile work environment for Plaintiff based on sex, and management encouraging and failing to remedy Plaintiff's hostile work environment.

33.     The harassment of Plaintiff was unwelcome, which was indicated by Plaintiff.

34.     The sexual harassment and hostile work environment was sufficiently severe and pervasive that it affected the terms, conditions and privileges of Plaintiff's employment.

35.     Defendant knew or should have known of the harassment and hostile work environment yet did not take immediate or corrective action.

4

36. As a direct and proximate result of the sexual harassment and hostile environment caused by Defendant and described herein, Plaintiff was injured and constructively discharged.

37. Defendant's conduct was intentional, in bad faith, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

38. Plaintiff is entitled to equitable relief and damages.

## COUNT II

### (Retaliation – Title VII)

39. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

40. Plaintiff opposed his sexually hostile work environment and sex discrimination to management.

41. Defendant retaliated against Plaintiff for opposing sex discrimination by treating him less favorably than non-opposing employees and failing to remedy his hostile work environment.

42. As a direct and proximate result of Defendant's retaliation, Plaintiff was injured and constructively discharged.

43. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

44. Plaintiff is entitled to equitable relief and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Plaintiff be reinstated to his employment;

(b) That Defendant be enjoined from further unlawful activity;

(c) That Plaintiff be awarded all past, present, and future lost compensation and benefits and the value thereof;

    (d)    That Plaintiff be awarded compensatory damages;

    (e)    That Plaintiff be awarded liquidated damages;

    (f)    That Plaintiff be awarded punitive damages;

    (g)    That Plaintiff be awarded reasonable attorneys' fees and costs;

    (h)    That Plaintiff be awarded prejudgment interest;

    (i)    That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation or benefits over separate tax years; and

    (j)    That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Elizabeth S. Tuck
Elizabeth S. Tuck (0076542)
Trial Attorney for Plaintiff
The Tuck Firm, LLC
810 Sycamore Street, Fourth Floor
Cincinnati, OH  45202
Phone: (513) 545-6781 / Fax: (513) 263-9081
*lisa@tuckfirm.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Elizabeth S. Tuck

6